Maximilian Moss, S.
As an incident to the final account of executors, it is required that the court determine the ownership of a certain policy of life insurance and whether its disposition is affected by article “ Fifth ” of the will.
A policy, No. 3961895, of the John Hancock Mutual Life Insurance Company of Boston, Massachusetts, dated September 13, 1944, insured the life of testator’s daughter for which a single premium was paid by him. By the said policy the company agreed to pay the testator $5,500, if living at the end of 15 years from its date. In the event of the death of the insured before the 15-year period, the policy proceeds were payable to the testator or such other beneficiary as finally substituted, or, if no beneficiary be living, to the executors or administrators of the testator.
On October 25, 1951, the provisions of the policy were amended. The beneficiaries were named as testator and his daughter, the insured, with the proviso that if the insured died prior to the maturity date of the policy (Sept. 13, 1959), the proceeds were to be paid to testator, if living, and if dead, to his executors or administrators. The policy then further provided that if said policy shall mature as an endowment, the proceeds of the policy shall be paid to the insured in designated installments and if the insured died after maturity of the policy and before all installments are paid, the amount unpaid at her death shall be paid to the insured’s executors or administrators.
*799 The testator reserved to himself the right to change beneficiaries or mode of payment prior to the maturity date of the policy. No change was made in the policy by testator. The right to amend the policy was personal to the testator and no change having been made by him, the provisions of the policy as written will be carried out. If testator’s daughter, the insured, is living on September 13, 1959, the proceeds of the policy, in installments, are payable to her. If she dies prior to September 13, 1959, the proceeds of the policy are payable to the testator’s executors.
Article “ Fifth ” of the will does not control the disposition of the policy proceeds. The proceeds of said insurance policy are chargeable with its apportioned share of both Federal and State taxes allocable thereto, to be paid by Gertrude Schwartz, the beneficiary thereof. Should the said Gertrude Schwartz fail to pay same, the insurer should pay the same and pay to the insured commuted benefits based on the net proceeds in their hands less the amounts paid for such taxes.
Submit decree.